Kneeland v. Wilson.

---

## KNEELAND v. WILSON et al.

In an action to recover the value of certain buildings standing on certain lots proof that one C, through whom plaintiff claimed, on the day of his entry, applied to one of the defendants for his consent to the erection of the buildings, is sufficient evidence to authorize the jury to infer knowledge on the part of C, of defendants' title at the time of such entry.

APPEAL from the Sixth District, County of Sacramento.

This was an action brought by the plaintiff to recover damages for

the unlawful conversion of certain buildings (wooden) erected upon certain lots of land situate in the town of Folsom, which buildings were claimed as personal property by plaintiffs, inasmuch as they were constructed on posts or blocks placed upon the surface of the ground.

The facts shown by the record are as follows : In the early part of the year 1856, one F. P. Watson was in possession of the lots of ground on which said buildings were subsequently erected. While in possession, Watson leased said lots to one W. L. Chrysup, and delivered to him possession thereof. Soon after taking possession, Chrysup erected the buildings in controversy. On the day of Chrysup's entry, he applied to one of the present defendants for permission to erect the buildings, which was refused. In the month of July, 1856, the buildings were sold under a foreclosure of certain mechanics' liens, and one B. Tallman became the purchaser ; to whom possession was delivered under said sale, and by him retained until the fifteenth September, 1856. Prior to that time, a judgment was recovered in the District Court of the Sixth Judicial District by plaintiff and Henry B. Waddilove against said Tallman, upon which execution was issued ; and under said execution a sale of the said buildings was made by the Sheriff of Sacramento county, and they were bought by said Kneeland and Waddilove, who took possession ; Waddilove subsequently conveyed his interest to plaintiff. Defendants, in March, 1856, commenced an action of ejectment for said lots against Chrysup and others, and subsequently obtained judgment, and were placed in possession by a writ of restitution, whereupon plaintiff brought this action.

On the trial, the jury returned into Court and asked instructions to the following question : " What would be the law if the jury believed that Chrysup entered with knowledge of defendant's title ?"

The Court refused to instruct them on this point, upon the ground that there was no evidence to that effect. The jury again retired, and subsequently returned a verdict for plaintiff, upon which judgment was entered. Defendants appealed to this Court.

*H. T. Booraem* for Appellants.

*Winans* for Respondent.

Martin *v.* Travers.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BALDWIN, J., concurring.

In this case, after the jury had retired they returned into Court and desired to be instructed: "What would be the law if the jury believe that Chrysup entered with knowledge of defendants' title." The Court, in reply, said that there was no evidence to that effect, and therefore refused to instruct on the point.

This was error. It is shown by two witnesses, that on the very day of Chrysup's entry he knew of defendants' claim to the lots, and that he applied to one of defendants for his consent to the erection of the building, which was refused. Surely, this was sufficient evidence to authorize the jury to infer that this knowledge existed at the time of the entry.

Judgment reversed, and cause remanded.